UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.     : | No. 21-cr-117 (TFH) |
| : | |
| ALEX HARKRIDER,      : | |
|     Defendant.     : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO MODIFY RELEASE CONDITIONS**

The United States of America respectfully submits this memorandum in opposition to Defendant Alex Harkrider's request for modifying his release conditions. Defendant Harkrider has been indicted on eight counts arising from his participation in the violent attack on the United States Capitol on January 6, 2021. While thus far he has been in compliance with his release conditions, there is no reason to change them at this time.

**PROCEDURAL HISTORY**

On February 12, 2021, Defendant Harkrider was indicted by a federal grand jury for his role in the attack on the United States Capitol on January 6, 2021. The indictment charged five felonies and three misdemeanors arising from Defendant Harkrider's actions in the Capitol on January 6, 2021, including violations of 18 U.S.C. §§ 231(a)(3) and 1512(c)(2). Counts Six and Eight of the indictment allege that Defendant Harkrider entered and remained, and engaged in disorderly and disruptive conduct, in a restricted building or grounds while carrying a deadly and dangerous weapon, namely a tomahawk axe, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) and 18 U.S.C. § 1752(a)(2) and (b)(1)(A). Count Ten alleges that Defendant Harkrider "did carry and have readily accessible, a dangerous weapon, that is a tomahawk axe, on the United States

Capitol Grounds" in violation of 40 U.S.C. § 5104(e)(1)(A)(i).

On January 22, 2021, the government presented evidence and argued for the defendant's detention before a U.S. Magistrate Judge in the Eastern District of Texas. The government argued that detention was authorized in this case because, as explained below, Defendant Harkrider had committed felonies that involve a dangerous and deadly weapon (a tomahawk axe), and there are serious risks that he will flee and obstruct or attempt to obstruct justice. The government further argued that the defendant poses an ongoing danger to the community that no conditions of pretrial release can mitigate. *See* 18 U.S.C. § 1342(f)(E), (f)(2)(A), (f)(2)(B), (g)(4). The Magistrate Judge agreed and ordered that Defendant Harkrider be detained, finding there were no conditions

> that would reasonably assure the safety of the community or Mr. Harkrider's appearance. Specifically, as to this Defendant, there are text communications discussing bringing firearms to the Capitol. Mr. Harkrider did, in fact, bring a weapon into the Capitol, although not a firearm. There is video evidence showing him trying to and successfully getting into the Capitol. In addition to the instant offense, I am concerned about his mental health history and his past issues with alcohol consumption. . . . But for all of these reasons, Mr. Harkrider is going to be detained pending trial.

*See* Transcript of Detention Hearing at 74-75.

On April 26, 2021, a hearing was held before this Court to revoke the order of detention. After hearing the evidence and arguments, and noting that the issue of detention was a close call, the Court agreed to release the defendant to house arrest with various release conditions, one of which is electronic monitoring. On June 23, 2021 the defendant filed a motion to remove this particular condition of release[1].

---

[1] Per the District of Columbia Pretrial Services Agency, the defendant is on location monitoring-radio frequency (RF), not GPS monitoring. This means that they know when the defendant leaves and enters the house, but his every movement is not tracked.

**ARGUMENT**

The defendant argues that because he has been compliant for 60 days, there is no need for him to continue on electronic monitoring. The government is relieved to hear that the defendant is in compliance with his conditions of release, but does not agree that means the conditions of release should change. In fact, the defendant is expected to abide by his conditions of release and that fact that he is doing so is indicative that his release plan is a success.

The defense relies a lot on the input of the Texas pretrial release officer, Lupe Saucedo.[2] The defense claims that Mr. Saucedo urged the defense to file this motion and that he believes the electronic monitoring condition should be removed. While there is some dispute on the original recommendation, after hearing from the D.C. pretrial release office, they stated that they defer to court on the condition of the location monitoring-radio frequency (RF).

The facts of this case are very concerning and the defendant has been indicted on very serious charges. The defendant chose to travel to Washington, D.C., while transporting firearms and armed with a ballistic vest and a Tomahawk axe, in a misguided effort to obstruct the historically peaceful transition of power and overthrow the government. While he was ultimately unsuccessful, his actions on January 6, 2021 were appallingly dangerous. He forced his way into the United States Capitol, armed with a weapon and prepared for a violent confrontation. The defendant did this based on his apparent belief that the November 3, 2020 was somehow fraudulent. Now that he is released, it is more important than ever to ensure the safety of the community. Former President Trump continues to make false claims about the election, insinuate that he may be reinstalled in the near future as President without another election, and minimize the violent attack on the Capitol. Television networks continue to carry and report on those claims,

---

[2] Defense counsel refers to "Luke Salcedo," but the Texas pretrial officer's name is Lupe Saucedo.

3

with some actually giving credence to the false reporting. The defendant in this case is not a good candidate to be out in the community without electronic monitoring to ensure the safety of the community and the safety of democracy in the current environment, especially after only 60 days. There is no evidence that the defendant has changed his views or beliefs, nor are there any changed circumstances since the last hearing on April 26, 2021.

## **CONCLUSION**

WHEREFORE, the government respectfully opposes the defendant's motion to modify the bond conditions.

Respectfully submitted,

CHANNING PHILLIPS
ACTING UNITED STATES ATTORNEY

By: */s/Brittany Keil*
    BRITTANY KEIL
    Assistant United States Attorney
    D.C. Bar 500054
    U.S. Attorney's Office
    555 4th Street NW, Room 11-824D
    Washington, D.C. 20530
    202-252-7763
    Brittany.Keil@usdoj.gov

*/s/ Danielle Rosborough*
DANIELLE ROSBOROUGH
D.C. Bar No. 1016234
Trial Attorney, National Security Division
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20004
202-514-0073
Danielle.Rosborough@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing opposition to the motion for modifications of release conditions been served upon defense counsel, Kira West, by email and ECF/PACER notification, on this day, July 8, 2021.

                                                 _/s/Brittany Keil_
                                                 BRITTANY KEIL
                                                 Assistant United States Attorney