UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case. 21-cr-117(TFH) |
| ) | |
| ALEX KIRK HARKRIDER ) | |
| ) | |
| Defendant. ) | |

MOTION TO RETAIN ROUGH NOTES AND EMAILS

NOW COMES the defendant, Alex Harkrider, by and through counsel, and moves this Honorable Court to enter an order requiring all government law enforcement officers[1] who investigated the charges in this and related cases to retain and preserve all rough notes, memoranda, emails and writing of any form taken as part of their investigation of the above-captioned matter notwithstanding whether

---

[1] The phrase "all government law enforcement officers" is intended in the context of this motion to include all government agencies, including but not limited to Internal Revenue Service, United States Customs Service, Postal Inspectors, Federal Bureau of Investigation, Drug Enforcement Administration, the Comptroller's Office, as well as any other investigative (Local, State and Federal) offices, officers, agencies, and agents. Only the government knows the existence of all Local, State and Federal agencies involved in the case.

1

or not the contents of the said notes are incorporated in official records. This motion is made so that the trial court can determine whether disclosure of the said notes is required under *Brady v. Maryland*, 373 U.S. 83 (1963), or the "Jencks" Act (Title 18, United States Code, Section 3500).

The defendant relies on *United States v. Harrison*, 524 F. 2d 421 (D.C. Cir. 1975), which held:

a. The decision whether rough interview notes taken by agents of the FBI in interviewing eyewitnesses are discoverable is for the Court, and not the government to make, and
b. The determination as to what constitutes a producible "statement" under the Jencks Act is for the Court, not the government or one of its agents. 18 U.S.C.A. Section 3500, 3500 (e).

Rough, handwritten notes taken by agents of the government in interviewing witnesses are potentially discoverable materials required to be preserved and produced even if the notes were not discoverable under the Jencks Act, and the government's practice of destroying the notes after preparation of the witness interview report is not justified on the grounds that preservation of the notes would impose an intolerable burden on the government or that all of the information was preserved in the report. 18 U.S.C.A. Section 3500. *See also United States v. Maynard,* 476 F. 2d 1170, 176- 78 (D.C. Cir. 1973); *United States v.Bundy*, 472 F.2d 1266, 1267 (D.C. Cir. 1872).

In *United States v. Terrell*, 474 F.2d 872, 877 (2d Cir. 1973), the Second Circuit Court of Appeals has held that the Jencks Act imposes no duty on law enforcement officers to retain rough notes when their contents are incorporated in official records and they destroy their notes in good faith. The purpose of the instant motion is to place the government on notice that any destruction of their rough notes cannot be in good faith as of this time forward. The thrust of *Terrell* is that such rough notes are producible except when they are destroyed in good faith and it is the position of the defendant that no destruction can be in good faith after the defendant's request for the preservation of such agency's rough notes. Undersigned counsel specifically asks that Agents that interacted with Mr. Harkrider specifically be ordered to retain their rough notes.

WHEREFORE, the defendant prays for such order as is just and proper with respect to this motion.

Respectfully Submitted,

/s/
Kira Anne West
DC Bar No. 993523
712 H. Street N.E., Unit 509
Washington, D.C. 20002
(202)-236-2042
kiraannewest@gmail.com

3

Attorney for Mr. Harkrider

Certificate of Service

I certify that a copy of the forgoing was filed electronically for all parties of record on this 18th day of July, 2022.

/s/
Kira Anne West
Attorney for Mr. Harkrider