IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-117 (TFH) |
| ALEX KIRK HARKRIDER  (02) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION *IN LIMINE* REGARDING CONDUCT OF OTHERS**

Defendant's motion *in limine* regarding the conduct of other rioters (Dkt. 94) should be denied. As set forth below, the conduct of other January 6 rioters is relevant, not overly prejudicial, and admissible for numerous reasons.

## BACKGROUND

At 1:00 p.m., on January 6, 2021, a Joint Session of the United States Congress convened in the United States Capitol building. The Joint Session assembled to debate and certify the vote of the Electoral College of the 2020 Presidential Election. With the Joint Session underway and with Vice President Mike Pence presiding, a large crowd gathered outside the U.S. Capitol. At approximately 2:00 p.m., certain individuals in the crowd forced their way through, up, and over erected barricades. The crowd, having breached police officer lines, advanced to the exterior façade of the building. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol. At approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers.

Believing that the 2020 presidential election had been fraudulently decided, Harkrider and his co-defendant, Ryan Nichols, traveled from Texas to Washington, D.C. for the "Stop the Steal" rally. On January 6, Harkrider, armed with a tomahawk axe and wearing camouflaged body armor, walked from the "Stop the Steal" rally to the U.S. Capitol building, where he eventually made his way to the to the inauguration stage which was in the process of being constructed on the Capitol's lower west terrace and where law enforcement battled to protect an entrance to the building referred to as "the tunnel." Harkrider led Nichols up the steps into the tunnel, where Harkrider joined the mob pushing against the line of officers protecting the doors at the end of the tunnel. Later, Harkrider and Nichols entered the Capitol Building through a broken window next to the tunnel into room ST2M, where Harkrider took a photo of himself that he posted to Snapchat.



Harkrider and Nichols remained in room ST2M for several minutes before exiting. After exiting, Harkrider reentered the Capitol through the broken window and can be seen pumping his fist as encouragement to the mob, and shouting to the crowd of rioters, "cut their heads off" while drawing his hand across his neck in a slashing motion. Harkrider stole a broken piece of furniture when he left.[1]

## ARGUMENT

The conduct of January 6 rioters other than defendants Harkrider and Nichols is relevant and admissible for numerous reasons.

### 1) The Conduct of Others is Relevant to the Civil Disorder

Count One of the Superseding Indictment charges Harkrider with Civil Disorder and Aiding and Abetting in violation of 18 U.S.C. §§ 231 and 2. To obtain a conviction on Count One, the government is required to prove, among other things, the existence of a civil disorder, which is defined as "any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property." The government cannot show actions "by groups of three or more persons" without offering evidence regarding the conduct of rioters other than Harkrider and his codefendant Ryan Nichols. The conduct of other rioters is thus directly relevant to a material element of one of the charged crimes. *See* FRE 401.

---

[1] The defendant erroneously states that, "He did not … steal any property, … and did not even take photos or videos during the time he was inside the building." (Mot. at 6.)

Although the government does not believe there is any unfair prejudice presented by such evidence, as opposed to barring the evidence, a more appropriate remedy would be a limiting instruction.

**2) The Conduct of Others is Relevant to Obstruction of an Official Proceeding**

Count Two of the Superseding Indictment charges Harkrider with Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2. As set forth above, the government intends to offer evidence concerning the initial breaches of the secure perimeter and the Capitol building itself by other rioters, together with evidence concerning Harkrider's own intrusion into the Capitol and continued presence in the restricted perimeter. The government will show that the initial breaches led to the evacuation of the House and Senate chambers, and that Harkrider's own breaches and continued presence in the restricted area directly contributed to Congress being unable to resume counting the Electoral College votes until the evening of January 6, 2021.

**3) The Conduct of Others is Relevant to Aider and Abettor Liability**

As set forth above, Harkrider is charged in Counts One and Two with Aiding and Abetting. The defendant may be found guilty as an aider and abettor if the jury finds that he knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed. *See* Criminal Jury Instructions for the District of Columbia (Fifth Edition, 2021 Release), Instruction 3.200. The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. *Id.* The government is not required to prove that the crime was committed in the particular way planned or agreed upon. *Id.* Nor need the government prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other. *Id.*

The defendant overstates the holding of *Rosemond v. United States*, 572 U.S. 65, 77–78 (2014). In *Rosemond*, the Supreme Court held that a defendant could be held liable as an aider and abettor for participating in a drug deal, but to be found liable as an aider and abettor for a violation of 18 U.S.C. § 924(c), the defendant must have known that a firearm would be used by someone in the drug deal. *Id.* But contrary to the defendant's assertion, *Rosemond* does not require that the defendant have full and advanced knowledge of every detail of all of the circumstances relevant to the offense. Rather, he need only have knowledge of the essential elements.

### 4) Conduct of Others is Relevant to Show Harkrider's Knowledge

The words and conduct of other rioters are also relevant to show the defendant's knowledge. The defendant heard and saw others rioters, including Nichols, discussing the Electoral College and Vice President Mike Pence's refusal to "cave" to the wishes of the objectors. Their words and conduct are relevant to show Harkrider's knowledge and intent.

### CONCLUSION

For the foregoing reasons, the defendant's motion *in limine* should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

 /s/ Douglas B. Brasher
DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
Federal Major Crimes – Detailee
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone:  214-659-8604
douglas.brasher@usdoj.gov

SARAH W. ROCHA
Trial Attorney
D.C. Bar No. 977497
219 S. Dearborn Street, Fifth Floor
Chicago, Illinois 60604
Telephone:  202-330-1735
sarah.wilsonrocha@usdoj.gov