UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Case No. 21-cr-117 (TFH) |
| : | |
| ALEX KIRK HARKRIDER (02), : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S REPLY TO DEFENDANT HARKRIDER'S CONSOLIDATED
RESPONSE TO GOVERNMENT'S MOTIONS IN LIMINE**

The United States submits this reply to Defendant Harkrider's combined response (ECF No. 117) to Government's Motions in Limine to Preclude Defendant Nichols Claim of Self-Defense (ECF No. 100), Exclude Improper Character Evidence (ECF No. 101), Limit Cross-Examination of Secret Service Agency Witnesses (ECF No. 102), Preclude Arguments and Evidence about Alleged Law Enforcement Inaction (ECF No. 103), and Restrict Presentation of Evidence Regarding Locations of U.S. Capitol Police Surveillance Cameras (ECF No. 104).

**I.     Motion to Preclude Nichols Claim of Self-Defense**

Although there appears to be no dispute at this time on this issue, in response to the government's motion to preclude defendant Nichols from asserting a self-defense claim, defendant Harkrider stated that he "reserves the right to make a self-defense claim in the future if necessary" and notes that he "cannot state what his defense will be at this time." ECF No. 117 at 1. The available facts do not support a claim of self-defense for either defendant. If defendant Harkrider intends to make a self-defense claim in the future, the government requests that he provide a pre-trial proffer of facts to allow the parties to argue, and the Court to decide, whether the defendant is entitled as a matter of law to assert self-defense.

## II.   Motion to Exclude Improper Character Evidence

Next, in opposition to the government's motion to exclude improper character evidence, Defendant Harkrider argues that "[e]vidence of Mr. Harkrider's storm recovery volunteer work in search and rescue and his past military service are relevant, not to show general good character, but to show his state of mind of January 6, 2022 (sic) and his preparedness for a potential crisis situation that day involving conflict with counter-protestors." ECF No. 117 at 1-2.  Harkrider's arguments are without merit.  He has not demonstrated that any character trait derived from the defendant's military and volunteer service is pertinent to an essential element of the charges, claims, or defenses in this case.  Moreover, any specific acts from his military service or storm recovery work—such as accolades, awards, medals, commendations, certificates, and letters—are not sufficiently related or proximate in time to the events of January 6, 2021.

## III.   Motion to Limit Cross Examination of Secret Service Agency Witnesses

Defendant Harkrider then objects to the government's motion to limit the cross-examination of United States Secret Service (USSS) witnesses.  ECF No. 117 at 2-4.

First, defendant Harkrider argues that he "should . . . be able to cross examine the Secret Service agents who testify about their roles in that process, the ability to carry out that role successfully, and which parts of the Capitol were restricted as part of their governmental function of protecting the Vice President that day." ECF No. 117 at 2-4.  To the extent a USSS witness testifies on direct examination either about their role on January 6 or the location of a protectee on January 6—which would allow Defendant to cross-examine the witness on those topics—those

facts are not within the scope of the order in limine that the government seeks limiting cross-examination of the USSS witness.[1]

However, defendant also argues that he should be able to cross-examine witnesses about matters beyond the scope of anticipated direct examination, such as "the Secret Service's ability to protect the Vice President," including "how [the President's] message was communicated to the Vice President's detail . . . . ." Cross-examination about such extraneous matters should be precluded because it is not relevant, would create confusion, and could compromise national security if not publicly known. The defendant's examples demonstrate that this testimony is irrelevant to any fact at issue. Cross-examination should be limited to whether the Capitol or its grounds were restricted on January 6, the credibility of the USSS witness within the scope of his or her testimony, and any fact of consequence in this case. Even if defendant were able to articulate any relevance to the facts at issue, it should be excluded because it would be confusing, invite mini-trials, and waste time. Fed. R. Evid. 403. To the extent this information has not previously been made public, cross-examination should also be precluded if it could compromise national security.

---

[1] As explained in the government's motion, the government intends to offer testimony that Secret Service agents were at the Capitol on January 6, 2021 to protect Vice President Mike Pence and two members of his immediate family. Similarly, the government expects to offer testimony that the January 6 breach interfered with a federal agency or federal officer's performance of lawful duties. It is for this limited purpose that the government will offer testimony by a USSS representative. It is not necessary for that USSS witness to have been physically present within the restricted area in order to testify that it was restricted, nor is it required for a protectee to have been physically present in the restricted area at any specific point in time. *See* 18 U.S.C. § 1752(c)(1) (an area may be restricted where a "person protected by the Secret Service *is or will be temporarily visiting*" (emphasis added)). More specifically, it is not relevant *where* either the USSS witness or any protectee was within the restricted area at any point in time for purposes of establishing that the area was restricted under 18 U.S.C. § 1752(c).

### IV. Motion to Preclude Arguments and Evidence About Alleged Law Enforcement Inaction

In response to the government's motion to preclude arguments and evidence about alleged law enforcement inaction, defendant Harkrider argues that "[t]he Defendant may seek to introduce evidence that the lack of barricades and police restrictions at the Capitol grounds that day allowed a sea of protestors access to the grounds in an unrestricted manner with little to no direction on where it was safe to stand." ECF No. 117 at 4. To the extent this is an attempt to argue that law enforcement made his conduct somehow legal, it should be precluded. *See* ECF No. 103 at 4-5.

Harkrider also argues that evidence regarding law enforcement's preparedness, communication between law enforcement agencies, crowd control measures used at the Capitol, law enforcement training, and other topics are "the type of evidence that goes to explain the actions of Mr. Harkrider in approaching the Capitol grounds and why he felt it was lawful to be on the grounds for a peaceful protest." ECF No. 117 at 5-6. As explained in the government's motion, the defendant must show that he specifically observed or was aware at the time of alleged inaction by law enforcement for it to be relevant to his conduct. ECF No. 103 at 5-6. Many of the examples provided in defendant's response, such as communications between law enforcement agencies, were not observed or known by the defendant on January 6 while the defendant was engaging in criminal conduct. In addition, even if defendant Harkrider specifically observed or was aware at the time of certain law enforcement actions, evidence should be excluded if its probative value is substantially outweighed by danger of confusing the issues, misleading the jury or wasting time. Fed. R. Evid. 403.

### V. Motion to Restrict Presentation of Evidence Regarding Locations of U.S. Capitol Police Surveillance Cameras

Finally, Harkrider states that he will "not seek to establish the exact locations of cameras in the U.S. Capitol Police surveillance system or seek to admit a map of these cameras." ECF No.

117 at 6-7. Because the government's understanding is that the defendant does not oppose an order precluding the entry of maps showing the location of cameras in the Capitol building and limiting the defense from probing, during cross-examination, the exact locations of Capitol Police surveillance cameras, the government's motion should be granted.

## CONCLUSION

For the reasons stated herein and in the government's Motions in Limine, the United States respectfully requests that the Court grant its Motions in Limine to Preclude Claim of Self-Defense (ECF No. 100), Exclude Improper Character Evidence (ECF No. 101), Limit Cross-Examination of Secret Service Agency Witnesses (ECF No. 102), Preclude Arguments and Evidence about Alleged Law Enforcement Inaction (ECF No. 103), and Restrict Presentation of Evidence Regarding Locations of U.S. Capitol Police Surveillance Cameras (ECF No. 104).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Sarah W. Rocha*
SARAH W. ROCHA
Trial Attorney
D.C. Bar No. 977497
219 S. Dearborn Street, Fifth Floor
Chicago, Illinois 60604
Telephone: 202-330-1735
sarah.wilsonrocha@usdoj.gov

DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
Federal Major Crimes – Detailee
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8604
douglas.brasher@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Government's Reply to Defendant Harkrider's Consolidated Response to Government's Motions in Limine is being served on defense counsel via email on August 10, 2022.

/s Sarah W. Rocha