## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:21-CR-117 (TFH) |
| | ) | |
| RYAN NICHOLS | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO JOIN, SUPPLEMENT, AND ADOPT CO-DEFENDANT HARKRIDER'S OMNIBUS REPLY AT ECF 117

Comes now Defendant Ryan Nichols, by and through undersigned counsel, and moves the Court for leave to Adopt, Supplement, and Join Co-Defendant Alex Harkrider's Omnibus Reply at ECF 117 to ECF 100-104.

### SUPPLEMENT

Mr. Nichols supplements ECF paragraph 1's reply to the Government's motion to preclude self-defense as a defense. Mr. Nichols in addition to adopting Mr. Harkrider's comments, asserts the following:

The Government moves to force Mr. Nichols to proffer facts supporting a potential defense of self-defense or, failing such production, to prohibit Mr. Nichols from raising such a claim. While it discusses the substance of self-defense claims, the Government fails to explain why it believes itself entitled to a preview of the Defendant's potential defense strategies. Absent such explanation, the Court should return to first principles: The Government is not entitled to gain advance knowledge of a Defendant's defense strategy or to preclude a Defendant from raising a defense before any evidence has been adduced.

**ARGUMENT**

Federal Crim. Proc. Rules 12.1-12.3 explicitly provide a list of defenses that a defendant must disclose pretrial – alibi (Rule 12. 1), insanity (Rule 12.2), and public authority (Rule 12.3). Self-defense is not among the listed defenses. Per the rules, the Government is not entitled to notice of an intent to assert self-defense, let alone a pretrial proffer of facts supporting such a claim.

The Government wants the Court to declare the Defendant guilty here as evidenced by its false assertion of facts that Mr. Nichols was the aggressor. The Government then relies on three cases which stand for the proposition that a jury need not be burdened with testimony supporting only some of the elements of an affirmative defense if even one element cannot be supported. See ECF No. 100 at 3 ((Citing *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018); *United States v. Mumuni Saleh*, 946 F.3d 97, 110 (2d Cir. 2019); and *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012)). In addition to asking this Court to ignore facts that are in dispute, this proposition, however, is entirely different than the relief the Government seeks: to force Mr. Nichols to reveal strategies prior to trial, to permit the Government to assess substantive evidence Defendant may decide to introduce, and to prevent the inclusion of highly relevant evidence that may favor the Defendant. The Government seeks all of this, irrespective of what evidence the Government actually introduces in court. The Government's request is inappropriate, and its cases do not say otherwise.

Asking for the preclusion of an affirmative defense or to assess (and exclude) potential evidence regarding such a defense is entirely premature. In sum, neither the federal rules nor the Constitution require Mr. Nichols to provide the Government a sneak peek at his defense. In fact, the law is quite clear that Mr. Nichols need not disclose trial strategy to the Government. Cf. *In re*

*Grand Jury Subpoena*, 870 F.3d 312, 316 (4th Cir. 2017) ("Opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances").

Facts and claims presented by the Government are in question. That the USCP "shot first" and then later launched a barrage against peaceful protestors are facts the Government and legacy media continue to hide.  That the USCP "Operations 1 and 2" main command communications channels show no order allowing the use of concussion grenades, and no authorization to fire, let alone at people's faces, heads, and torsos in complete contradiction of responsible training for use of non-lethal weaponry, are not in dispute according to video and audio evidence. The use of excessive and reckless force under color of law is a matter of fact that the Government wants to hide by preventing self-defense as a defense. Whether Mr. Nichols chooses to raise any particular defense remains subject to incomplete discovery provided by the Government, while facts continue to come forth from sources outside the Government.

Accordingly, this Court should grant the motion at ECF 115 with this supplement and deny the Government's motion.

## CONCLUSION

WHEREFORE for these reasons, the Court should grant ECF No. 117 and deny the Government's motion at ECF No. 100-104.

Dated August 11, 2022                                    Respectfully submitted,

                                                                            /s/ Joseph D. McBride, Esq.

                                                                            Joseph D. McBride, Esq.
                                                                            Bar ID:  NY0403
                                                                            THE MCBRIDE LAW FIRM, PLLC
                                                                            99 Park Avenue, 6th Floor
                                                                            New York, NY 10016
                                                                            p: (917) 757-9537
                                                                            e: jmcbride@mcbridelawnyc.com

**CERTIFICATE OF SERVICE**

I hereby certify on the 11th day of August 2022, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Joseph D. McBride, Esq.
Joseph D. McBride, Esq.