UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>RYAN NICHOLS      )<br>)<br>Defendant.    ) | Case No. 1:21-CR-117 (TFH) |

### MOTION TO JOIN, ADOPT, AND SUPPLEMENT CO- DEFENDANT'S MOTION TO TRANSFER VENUE

Comes now Defendant RYAN NICHOLS, by undersigned counsel, and requests leave to join, adopt, and supplement Co-Defendant Alex Harkrider's Motion to Transfer Venue, docketed at ECF No. 92. Mr. Nichols respectfully proffers the following supplementation:

On Thursday, June 9, 2022, the January 6th Committee presented a highly edited video presentation that objectively depicted January 6th Protestors in the worst possible light. As mentioned in Ms. West's motion, this production was seen by some twenty million people. Millions more views of Committee hearing clips have accumulated on the Committee's Twitter page since that time.[1] The next day, undersigned counsel made a record to this Honorable Court during Mr. Nichols' June 10, 2022, status hearing. Amongst other things, undersigned counsel spoke about the Committee's publication of video footage subjected to this Court's Protective Order, and how doing so violated Nichols' due process rights, and potentially the Separation of Powers Doctrine. Undersigned counsel also spoke at length about the purposeful poisoning of the DC Jury pool by the Committee. "This is very prejudicial, and it's damaging to our ability for a fair and reasonable trial." (ECF No. 111 transcript at 11:25 and 12:1).

---

[1] *See* June 14, 2022, Committee tweet referencing its June 13th hearing with 5.5 Million views @ https://twitter.com/January6thCmte/status/1536815728208355330?s=20&t=S2UhUK9a52yRvmD0POnlIw (last visited on August 11, 2022)

1

This Honorable Court shared some of undersigned counsel's concerns and added the following commentary:

> It does concern the Court certainly as potential jury prejudice. We'll have to take care of that as time goes on. The trial has been delayed. If the trial was next week, I'd be very concerned. I would delay that trial frankly. But we have a November trial date.
>
> But I am worried about – I agree with you on any kind of prejudice the public may get from this presentation over the next few weeks that will occur. And that is unfortunate, when Congress decides to do their public hearings. They have a right to do hearings. They have a right to broadcast them.
>
> We ran into this in the Watergate era. There are some cases on it in the Watergate era. One case is where Colonel North was convicted by a jury of this court after a long trial before Judge Gesell, one of the finest judges. At the same time, Congress had propelled his testimony on the Hill, and despite all the warnings of Justice and his own counsel, he was forced to testify; and, therefore, they held his trial conviction had to be thrown out because of what they caused. The legislative process caused damage to his opportunity to defend himself.
>
> But in any event, I don't see that at this extent yet, but I think it is a concern you've highlighted.
>
> (ECF No. 111 transcript at 12:8-25 and 13:1-5).

Two business days later, the January 6th Committee held a hearing on June 13, 2022, and absolutely eviscerated any chance of Mr. Nichols receiving a fair trial, in what appears to be a direct response to the abovementioned record made by undersigned counsel, as well as the potential concerns articulated by this Honorable Court. Specifically, the Committee promulgated a one-sided narrative depicting then President Donald Trump as a seditious despot hellbent on clinging to power—and Ryan Nichols as the leader of an angry mob of insurrectionists hell-bent on violence and destruction.[2]

---

[2] See: https://www.npr.org/2022/06/16/1105683634/transcript-jan-6-committee

REP. PETE AGUILAR'S OPENING STATEMENT:  12:44

Thank you, Mr. Chairman. Today we intend to show the American people that January 6th was not an isolated incident. In the weeks culminating before, it was illegal scheme and deception. We've already learned that President Trump knew he lost the 2020 election. Shortly after, he began to look for a way to circumvent our country's most fundamental civic tradition, the peaceful transfer of power.

The president latched on to a dangerous theory and would not let go, because he was convinced it would keep him in office. We witnessed firsthand what happened when the president of the United States weaponized this theory. The Capitol was overrun, police officers lost their lives, and the vice president was taken to a secure location because his safety was in jeopardy.

Let's take a look at the effect of Donald Trump's words and actions. I want to warn our audience that the video contains explicit content.

[Begin videotape]

DONALD TRUMP:

Mike Pence is going to have to come through for us. And if he doesn't, that will be a — a sad day for our country. And Mike Pence, I hope you're going to stand up for the good of our Constitution and for the good of our country. [Applause] And if you're not, I'm going to be very disappointed in you, I will tell you right now

RYAN NICHOLS:

I'm telling you what, I'm hearing that Pence — hearing the Pence just caved. No. Is that true? I didn't hear it. I'm hear — I'm hearing reports that Pence caved. No way. I'm telling you, if Pence caved, we're going to drag motherfuckers through the streets. You fucking politicians are going to get fucking drug through the streets.

Congress does indeed have the right to conduct public hearings on Capitol Hill and may even do so over objections from the Department of Justice, as it did in Colonel North's case—but it does so at its own peril because under no set of circumstances does any governmental interest in seeking truth ever supplant an innocent person's right to a fair trial in the United States of America.

3

As cited above, this Honorable Court shared, at least to some extent, Mr. Nichols' concern that the January 6th Committee's actions could potentially have an adverse effect on Mr. Nichols's ability to receive a fair trial. At that time, however, this Honorable Court distinguished North's case from Mr. Nichols' case by alluding to the fact that Nichols's case had not yet risen to the level of North's but could potentially at some point. Here, the United States Federal Government has made a calculated decision to investigate the events surrounding January 6, 2021, at any cost. In doing so, it has violated Mr. Nichols' constitutional rights, which amongst other things, are specifically designed to grant him a fair trial by an impartial jury of his peers, under the Federal Rules of Criminal Procedure, with a fair opportunity to put on a case, and cross-examine witnesses—while being entitled to the presumption of innocence. The January 6th Committee has robbed him of that opportunity, and nothing can ever change that.

Statement of Joseph D. McBride, Esq. at the July 21, 2022, Status Hearing:

I just wanted to point out that, at the very next hearing, which was about two or three days after our (June 10, 2022) court appearance, the January 6th Committee put Ryan Nichols' video up on national TV during the hearing, and the way that the Committee framed it, was that Mr. Nichols was leading an angry lynch mob down the street to attack politicians, absent any opportunity to present a defense or cross-examine witnesses. This is obviously extremely damaging and prejudicial, it has, in our opinion, all but eviscerated a fair trial in this country, never mind D.C.

So I feel it incumbent upon myself to make a record about the Committee's continuing effect on Mr. Nichols's case and January 6th cases at large. But the fact that they actually played a video of him and the way they made it look, I'm just not sure if we are going to be able to overcome that type of prejudice.
. . .

Judge, with respect to voir dire… our position is going to be that anybody who saw or watched these January 6th trials, that because of the one-sided narrative, because of the level of production, because of the level of animus towards these people, that's simply not something that can be cured. It's going to be our position that anybody who saw these hearings is just not fit to be a juror.

(*See* ECF No. 113 transcript at 12:5-20 and 13:9-17)

The January 6th Committee's deliberate targeting of Ryan Taylor Nichols has made it impossible for him to get a fair trial in Washington, DC.  Moreover, if this Honorable Court were to excuse on *voir dire* all prospective jurors who have any substantial recollection of the January 6th Committee's hearings, no jurors would be left.  (*See* United States v. North, 910 F.2d 843, Section I of Chief Judge Wald's Dissent referencing the fact that Judge Gesell excused on voir dire all prospective jurors who had any substantial recollection of North's immunized testimony).

The January 6th Committee has publicly stated that it will continue its hearings into the Fall of 2022.  This sends a clear message to Mr. Nichols that his right to a fair trial is secondary to the Committee's quest for truth.  Importantly, the essential problem in the Oliver North case was the fact that grand juries and trial witnesses were "thoroughly soaked in North's immunized testimony."  North, 910 F.2d at 863.  It is therefore of the utmost importance to acknowledge the fact that the TV and media cycle that soaked the world in North's immunized testimony in 1987 is drastically different from the world of smartphones, social media, and viral internet clips of 2022.  As stated above, the January 6th Committee's Twitter feed alone generates millions of additional views per month on this topic, which in and of itself, dwarfs the views of North's congressional testimony in 1987.

Therefore, and for the reasons stated above, and in the adopted motion to change venue, Ryan Taylor Nichols respectfully submits, that the Eastern District of Texas is the only place where he has any chance at selecting a fair and impartial jury of his peers, which is his right under the Sixth Amendment of United States Constitution.

Dated August 11, 2022                              Respectfully submitted,

/s/ Joseph D. McBride, Esq.
Joseph D. McBride, Esq.
Bar ID: NY0403
THE MCBRIDE LAW FIRM, PLLC
99 Park Avenue, 6th Floor
New York, NY 10016
p: (917) 757-9537
e: jmcbride@mcbridelawnyc.com

## CERTIFICATE OF SERVICE

I hereby certify on the 11th day of August 2022, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Joseph D. McBride, Esq.
Joseph D. McBride, Esq.