**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL ACTION NO.** |
| | ) | |
| **Plaintiff,** | ) | **1:21-CR-117(TFH)** |
| | ) | |
| **v.** | ) | HEARING REQUSTED |
| | ) | |
| **Alex Kirk Harkrider** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**<u>DEFENDANT HARKRIDER'S OMNIBUS REPLY TO GOVERNMENT
RESPONSES TO DEFENDANTS PRETRIAL MOTIONS</u>**

COMES NOW, Defendant Alex  Harkrider, by undersigned counsel, and submits this short Omnibus Reply to the government's responses to defendant's pretrial motions.  In response the defendant asserts the following:

1. <u>ECF. No. 128.  Government's response to defendant's motion to preclude self-defense</u>  Mr. Harkrider  merely asked to reserve the right to make this defense. As previously noted, the defense is still sifting through evidence and has discovered more evidence that law enforcement were embedded in the January 6 crowd. This evidence was disclosed on the Relativity platform, not from the AUSA's assigned to this case.

   *With regard to motion to exclude improper character evidence, the fact that Mr. Harkrider is a retired Marine and that Donald J. Trump was his

1

Commander in Chief is particularly relevant here. Mr. Harkrider was clearly acting on the orders, tweets, and speeches of Trump leading up to and on January 6, 2021.

*  Regarding cross-examination of U.S. Secret Service witnesses: undersigned counsel will not go into National security issues and if it becomes relevant, both parties would surely ask to approach the bench before any questioning ensued.  As previously argued, how and when the Capitol was restricted that day, to whom that restriction was communicated and who had the power to override that restriction are all relevant to the charges that Mr. Harkrider entered a building restricted by the Secret Service that day. How the evacuation order to remove the Vice President was communicated to the Secret Service, when it was communicated, by whom, how it was executed, when it was executed and when it was deemed that the Vice President was out of danger are also material to Mr. Harkrider's defense in that he is charged with obstruction under 18 USC 1512..  This material information must be explored on cross-examination.  Additionally, Mr. Harkrider should also be allowed to cross-examine the agents on President Trump's public invitation to the crowds that day to march down to the Capitol and what effect that had on the Secret Service's ability to protect the Vice President. This should include how this message was communicated to the Vice President's detail that day alerting them of the President's message to the crowds and if they sought to evacuate the Vice President Pence immediately upon hearing this information or whether and why there was a

delay that occurred between hearing this and making the decision to evacuate the Vice President and his family members.

 * With regard to arguments and evidence about alleged law enforcement inaction, it is well documented now that Capitol police officers did remove barricades and did stand by as protesters filed into the Capitol. Mr. Harkrider and multiple other protesters that day heard amongst the crowd that the police were in fact letting people in to the Capitol. This goes to the heart of Mr. Harkrider's intent while approaching and entering the Capitol.

2.  ECF No. 126. With regard to the government stating that the conduct of others is relevant,  it's not, and Mr. Harkrider did not lead anyone into the Capitol. Mr. Harkrider believes the evidence at trial will show he did not lead anyone into the Capitol.   The alleged throat slashing move and alleged broken piece of furniture are likewise misrepresented here. The defense respectfully requests that the Court carry this with the trial. Many of these issues will be dispensed with by stipulation as to certain facts. For example, that others breached the Capitol and caused an evacuation but that transpired before Mr. Harkrider came onto the scene.

3.  ECF No. 141. #5: Mr. Harkrider's criminal history is nearly 20 years old and it's negligible. The government has not specified how it is relevant or impeachable with regard to the charges now before this Court.

#6. Mr. Harkrider is not charged with a firearms offense and it's legal to bring firearms into Virginia from other states. This Court may recall from

prior testimony that Mr. Harkrider did everything he could to obey the law in this respect including researching the firearms laws in Virginia and D.C.

#7. Undersigned counsel agrees with the prosecution that this is a *Bruton* issue and can be resolved hopefully with redaction.

#9. "Tags" are not the conduct of Mr. Harkrider and also not relevant and even if relevant, are not reliable. It's impossible to know without the proper foundation where they came from.

#10. These may be admissible for a limited purpose which would require a limiting instruction. Many of these facts are ripe for stipulation. Undersigned counsel with confer with the prosecutor in this regard.

4. ECF No. 140: response to defendant's motion to suppress. Here, the government cites *Davis v. United States*, 512 U.S. 452, 461-62 (1992) in support of their contention that Mr. Harkrider's statement seeking a lawyer was not ambiguous. The facts in *Davis* are quite different than the facts here. In *Davis*, the Court did not suppress his statements because defendant clearly told interrogators that he was not asking for a lawyer. In this case, Mr. Harkrider was certainly making a request for counsel and officers had an obligation at that point to stop questioning but instead interrupted Mr. Harkrider without allowing him to finish asking for a lawyer. Mr. Harkrider's statement can be construed as a desire for the assistance of counsel. In *Edwards v. Arizona*, 451 U.S. 477 (1981) the Court held that once a defendant asks for a lawyer, questioning must cease, especially after he's been questioned not once, but twice. The Court said:

4

[W]hen an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights .... [A]n accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communications, exchanges, or conversations with the police.

*Id.* at 484-485. *See also, Minnick v. Mississippi*, 498 U.S. 146, 146 (1990).

Whether Mr. Harkrider's request was unambiguous is an objective test and "he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Minnick* at 459. The Court here can watch the videotaped interview of Mr. Harkrider to make this determination. Interestingly, the government skips the fact that Mr. Harkrider was tricked by the officers who performed the Texas two-step of questioning. Moreover, it's critical that the tape is unintelligible at that most critical part and Mr. Harkrider was cut off from commenting on whether he should have a lawyer, another well-known interrogation tactic by Texas law enforcement.

As far as the broken piece of furniture, the government has only alleged that it came from the Capitol. Who knows where it came from. Undersigned counsel made a formal request for a list of what was allegedly broken and/or taken from the Capitol. Again, as argued *supra,* firearms found in Mr. Harkriders home are irrelevant to his charges here and are as ubiquitous as salt and pepper in Texas. Finally, defendant stands on his previous argument with regard to the Facebook search warrant.

Respectfully submitted,

5

KIRA ANNE WEST


By:     _____/s/
        Kira Anne West
        DC Bar No. 993523
        712  H Street N.E., Unit  509
        Washington, D.C.  20002
        Phone:   202-236-2042
        kiraannewest@gmail.

### Certificate of Electronic Service

I hereby certify that on August 19, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with service on all parties of record.

*/s/* Kira Anne West

**Counsel for Mr.  Harkrider**