IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 21-CR-117 (RCL) |
| | : | |
| | : | |
| ALEX HARKRIDER | : | |

### DEFENDANT'S UNOPPOSED MOTION FOR TRAVEL TO THE DISTRICT PURSUANT TO 18 USC SECTION 4285

Mr. Alex Harkrider, through his attorney, Kira Anne West, respectfully requests that this Honorable Court order the U.S. Marshal to arrange travel for Mr. Harkrider for trial currently set for March 27, 2023, before this honorable Court and states the following in support:

1. This case is set for trial March 27, 2023. Mr. Harkrider lives in East Texas. He is indigent and the magistrate judge made such a finding at his initial appearance in Texas in 2021. He is unemployed due to his permanent disability caused by serving this country overseas as a United States Marine.1

---

1 Mr. Harkrider's PTSD disability has been briefed and argued several times before for the prior United States District Judge assigned to this case, Judge Hogan. Mr. Harkrider receives a disability check from the government each month of around $3,000, which is about the equivalent of monthly lawn services for many of D.C.'s elite residents.

1

2. Counsel requests that this Court order the United States Marshal to make travel arrangements for Mr. Harkrider to travel from his home in Carthage, Texas to Washington, D.C. on March 26, 2023 so he can be present at his trial March 27, 2023 and for his return after the trial is over. The government specifically objects to payment for return travel. The defendant also asks the Court to order reasonable subsistence expenses known as "per diem."

3. Title18 USC Section 4285 allows for this expense to be paid by the United States Marshal. The statute states that this Court :

> may direct the United States Marshal to arrange for [an indigent defendant's] means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code.

4. Undersigned counsel has conferred with AUSA Doug Brasher who does not oppose this motion insofar as it concerns payment for travel to the trial. The government does object "to any request that the USMS pay for anything other than travel costs (and associated subsistence costs) to get the defendant to D.C. for trial. Consistent with 18 U.S.C. § 4285, the government is specifically opposed to payment for round-trip or return trip travel and costs in the event that Mr. Harkrider is not taken directly into custody following a conviction or is found not guilty."

>     Respectfully submitted,
>
>     KIRA ANNE WEST
>
> By: _____/s/_____
>     Kira Anne West
>     DC Bar No. 993523
>     712 H Street N.E., Unit 509
>     Washington, D.C. 20002
>     Phone: 202-236-2042
>     kiraannewest@gmail.com
>     Attorney for Mr. Harkrider

## CERTIFICATE OF SERVICE

I hereby certify on the 4th day of March, 2023, a copy of same was delivered to the parties of record, by ECF pursuant to the Covid standing order and the rules of the Clerk of Court.

>     _____/S/_____
>     Kira Anne West