UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-117 (RCL) |
| : | |
| RYAN TAYLOR NICHOLS & : | |
| ALEX KIRK HARKRIDER, : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO CONTINUE AND FOR REMOVAL OF THE PROTECTIVE ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Alex Harkrider's October 19, 2023, motion to continue the November 8, 2023, trial date. ECF 268. Defendant Harkrider requests "a short continuance" until after Defendant Ryan Nichols has been sentenced. *Id*. at 1. The motion is premature because although Defendant Nichols has signed a plea agreement, his plea is scheduled for November 7, 2023, and both Defendants are currently scheduled to begin trial on November 8, 2023. Moreover, even if Defendant Nichols were to plead guilty prior to trial, the request to continue the trial date until after Defendant Nichols' sentencing should be denied.

**I.    Procedural History**

Defendants were charged by complaint on January 17, 2021, and indicted by the grand jury on February 12, 2021. ECF 1; ECF 9. The grand jury returned a superseding indictment on November 10, 2021. ECF 59.

Trial in this case has been scheduled and continued numerous times. Trial was first set for July 25, 2022. ECF 78. Two months later, Defendants orally requested a continuance in the trial date and the trial was rescheduled for November 1, 2022. ECF 86. However, in August 2022, at the request of Defendant Nichols, the Court vacated the trial date. Minute Entry Aug. 23, 2022. The

1

parties met and conferred regarding a mutually agreeable trial date, and trial was scheduled for March 27, 2023. Minute Order Jan. 20, 2023. However, due to multiple requests for adjournment from defense counsel due to family medical emergencies, the March 27, 2023, trial date was continued and rescheduled for November 8, 2023. Minute Entry May 10, 2023.

On October 5, 2023, the United States and Defendant Nichols jointly informed the Court the parties had reached a plea agreement and moved to schedule a plea hearing. ECF 264. The parties did not request continuance of the trial date. *Id.* Trial is currently scheduled to begin as to both defendants on November 8, 2023. Defendant Nichols' plea hearing is scheduled for November 7, 2023. Minute Entry Oct. 24, 2023.

II.     **Defendant Harkrider's motion to continue this case should be denied.**

Defendant Harkrider's request to continue the trial date should be denied because it is premature and not a basis for delay.

"[T]rial judges enjoy great discretion in ruling on a motion for continuance." *United States v. Zink*, No. 21-CR-191 (JEB), 2023 WL 5672555, (D.D.C. Sept. 1, 2023) (citation omitted). In the exercise of such discretion, trial judges should consider (1) the defendant's diligence in attempting to secure the evidence before trial; (2) the length of the requested continuance and the associated burden on the government; and (3) the likelihood the evidence will be favorable and relevant to the defense. *United States v. Ashton,* 555 F.3d 1015, 1020 (D.C. Cir. 2009).

As an initial matter, Defendant Harkrider's request to continue this case from November 8, 2023, which was selected by all parties as a date upon which they would be ready to commence trial, *see* ECF 191, to an indeterminate future date after Defendant Nichols' sentencing should be denied because it is premature. The trial date as to Defendant Nichols has not been vacated and the government anticipates proceeding with trial on November 8, 2023, as to both Defendants if Nichols has not pleaded guilty before then.

Defendants have had ample time to prepare for trial, as their charges have been pending for nearly two years. Defendants were first charged less than two weeks after January 6, 2021, and trial has been continued three times for a total of more than fifteen months of delay. By the time trial begins on November 8, 2023, Defendant Harkrider will have had more than a month's notice of Defendant Nichols' intention to plead guilty.

Furthermore, the Court should deny Defendant Harkrider's request to postpone his trial until after his co-defendant's judgment is final because it is not a legitimate basis for delay. In making his request, Defendant Harkrider is essentially attempting to obtain immunity or otherwise shield his desired witness—his co-defendant. Courts have held that "trial judges should summarily reject claims for defense witness immunity" where "the witness for whom immunity is sought is an actual or potential target of prosecution." *United States v. Turkish*, 623 F.2d 769, 778 (2d Cir. 1980); *see also Earl v. United States*, 361 F.2d 531, 534-35 (D.C. Cir. 1966) (rejecting claim for co-defendant immunity when witness transported from Federal Prison and produced in court declined to testify on Fifth Amendment grounds).[1]

In addition, despite Defendant Harkrider's speculatory and conclusory statements that Defendant Nichols "is a critical fact witness" that would be able to testify to "exculpatory" and "material" facts, ECF 268 at 1, Defendant Harkrider has not shown that testimony from Defendant Nichols would aid in his defense or provide exculpatory information. In the days before January 6, 2021, Defendants exchanged text messages about their plans to bring weapons and body armor in preparation for the "[b]ig possibility that actual battle goes down." On January 6, 2021, Defendant Harkrider walked toward the Capitol as Defendant Nichols livestreamed on Facebook and shouted,

---

[1] If Defendant Nichols has been remanded at the time of the trial, the government would "transport the witness from a Federal Prison and produce[] him in Court" at Defendant's request. 361 F.2d at 534.

amongst other things, "Ryan and Alex are here in Washington, D.C. marching on the Capitol." He continued: "[A]pparently Pence just caved and if Pence caved we're going to fucking take it back, because we're not going to let it be stolen." The two then joined the crowd of rioters in front of the Lower West Terrace doors and pushed with the crowd against the officers, rocking back and forth, as the crowd chanted, "Heave! Ho!" They both later entered the Capitol through a broken window. When Harkrider was arrested on January 18, 2021, a broken piece of a chair from the Capitol was found on top of his nightstand, along with the baseball cap he wore on January 6, 2021. After being arrested, Harkrider admitted that he "really fucked up" when he "crawled through that window that was broken." Thus, even assuming Defendant Nichols denied Defendant Harkrider's culpability under oath, video testimony and testimony from Defendant Harkrider's admissions and text messages clearly demonstrate his culpability. Defendant Harkrider should not obtain a continuance of the trial yet again based on only the speculative possibility that his co-defendant, who plans to plead guilty for his actions, might provide some as yet undescribed testimony in Harkrider's defense.

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court deny the Defendant's motion to continue the November 8, 2023, trial date.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ *Sarah W. Rocha*
    SARAH W. ROCHA
    Trial Attorney
    D.C. Bar No. 977497
    219 S. Dearborn Street, Fifth Floor
    Chicago, Illinois 60604
    Telephone: 202-330-1735
    sarah.wilsonrocha@usdoj.gov

    DOUGLAS B. BRASHER
    Assistant United States Attorney
    Texas State Bar No. 24077601
    Federal Major Crimes – Detailee
    1100 Commerce Street, Third Floor
    Dallas, Texas 75242
    Telephone: 214-659-8604
    douglas.brasher@usdoj.gov

    SEAN P. McCAULEY
    New York Bar No. 5600523
    Assistant United States Attorney
    601 D Street NW
    Washington, DC 20579
    Telephone: (202)252-1897
    Sean.McCauley@usdoj.gov