## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **No. 21-cr-117 (RCL)** |
| | **:** | |
| **ALEX KIRK HARKRIDER,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION TO CONTINUE TRIAL

The United States of America respectfully opposes the defendant's Motion t and Supplemental Motion to Continue Trial (ECFs 285 & 286), which is, in effect, a motion to continue his trial until sometime after mid-2024. On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The issue to be considered is the appropriate interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes for which the defendant has been charged. This development does not merit a continuance of the trial scheduled for January 2, 2024.

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The

party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

With regard to continuances, "[i]t is firmly established that the granting or refusal of a continuance is a matter within the discretion of the judge who hears the application, and is not subject to review absent a clear abuse." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). A court's review of a motion to continue "necessarily depends on all the surrounding facts and circumstances," including: (1) the length of the requested delay; (2) whether other continuances have been requested and granted; (3) the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; (4) whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; (6) whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; (7) and other relevant factors which may appear in the context of any particular case. *Id.* at 491. Other courts in this district have declined to continue proceedings connected to January 6, 2021, riot at the United States Capitol based on the Supreme Court's decision to hear *Fischer. See United States v. Sara Carpenter*, 21-cr-305 (JEB) (Minute Order, 12/15/2023) (declining to delay sentencing based on *Fischer*).

Whether viewed as a motion to stay or a motion for a lengthy continuance, the defendant's motion should be denied because the relevant factors weigh against his request. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that the defendant is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's

interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. […] The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question.").

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the offenses for which the defendant has been charged. It would also be at least the fourth continuance of the trial date in this matter. *See, e.g.,* ECF 268 (requesting continuance of trial date). Delaying the trial for another six months or more would undermine the interests of the public in the timely adjudication of a case of great significance.

A further lengthy delay of trial for the defendant would afford him an unfair advantage not granted to his co-defendant, who was convicted of obstruction of Congress following a plea and who is presently incarcerated as he awaits sentencing. It would also give him an unfair advantage not granted to the approximately one hundred and fifty people who have been convicted of violation Section 1512 in connection with the events of January 6, many of whom have been sentenced and are now serving terms of incarceration as a result of their convictions. The defendant should not, based on the timing of his trial relative to the Supreme Court's grant of certiorari, receive any benefit not afforded to the many other people who have been tried, convicted, and—in many cases—incarcerated for violations of this statute.

The defendant will not suffer any irreparable injury by proceeding with trial as scheduled. Even if the Supreme Court were to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate any application of Section 1512(c)(2) to the defendant. And even if it did, the appropriate venue for challenging such a conviction would be a post-conviction appeal. Similarly, there is no reason to continue the defendant's trial when there is a strong possibility that, if he were convicted of obstruction of an official proceeding, he would not be sentenced until after the Supreme Court has ruled in *Fischer*. Even if the defendant is sentenced before the ruling in *Fisher*, he may challenge the conviction and sentencing by moving for bail pending appeal.

Moreover, the defendant is charged with and will be tried for more offenses than solely obstruction of Congress. He has also been charged with violations of 18 U.S.C. §231(a)(3), 18 U.S.C. § 641, 18 U.S.C. § 1752(a), and 40 U.S.C. § 5104(e)(2). Therefore, if the Supreme Court were to rule adversely to the government with respect to Section 1512(c)(2)'s application to this case, the defendant would still need to be tried for five other charges. Regardless of the implications of *Fischer*, the public and the government have a right to a prompt resolution of this case with respect to the other charges on the indictment.

For all these reasons, the defendant's motion to stay/continue his trial for six months or more should be denied, and the Court should proceed with trial on January 2, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:      *s/ Sean P. McCauley*
SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov

DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
Federal Major Crimes – Detailee
1100 Commerce Street, Third Floor
Dallas, TX 75242
douglas.brasher@usdoj.gov

SARAH W. ROCHA
Trial Attorney
D.C. Bar No. 977497
601 D Street, NW
Washington, DC 20530
sarah.wilsonrocha@usdoj.gov