IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 21-CR-117 (RCL) |
| | : | |
| | : | |
| ALEX HARKRIDER | : | |

### DEFENDANT'S RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM, ECF NO. 319

Mr. Alex Harkrider, through his attorney, Kira Anne West, respectfully files this response the government's supplemental sentencing memorandum.

This Court can only make a finding on the third point issue if it knows the facts. Facts matter, and defendant will lay out the pertinent facts in this memorandum with the most salient exhibits.

1. BACKGROUND

In late August, 2023, AUSA Brasher called undersigned counsel and offered defendant Harkrider a plea to the 231 count of the indictment. Undersigned counsel emailed the government and told them Harkrider would accept this offer and would plead guilty. Undersigned counsel also got a call from counsel for defendant Nichols who asked undersigned counsel to negotiate a global

1

plea for both defendants.1 Although AUSA Brasher came to undersigned counsel with the offer, the supervisory staff at the United States Attorney's Office did not approve the deal. The government then offered Harkrider a plea to the 1512 count, stating "I can formally offer a plea to the 1512 and 641 counts with our standard terms, and with the offer expiring at 5:00 p.m. (Eastern) on 9/6/22". A formal, written plea offer, *See* Ex. 1, was sent to undersigned counsel on September 27, 2023, with the following language:

Acceptance of Responsibility

As reflected above, the Government agrees that a 2-level reduction will be appropriate for each count pursuant to USSG §3E1.1 provided that your client clearly demonstrates acceptance of responsibility to the satisfaction of the Government through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence. Furthermore assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional one level reduction will be appropriate pursuant to USSG § 3B1.1(b). because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Harkrider rejected it. Nichols then pled guilty and received his 3 points off under USSG 3E1.1.

Plea negotiations between the government and Harkrider continued in October, 2023. The parties started to discuss a bench trial and then a stipulated

---

1 Specifically, undersigned counsel was asked to broker a plea for Nichols to a 111(a) count instead of the 111(b) count. In a twist of irony, undersigned counsel successfully negotiated the plea for Nichols, but not for Harkrider.

bench trial. As is usually the case, most of these discussions were over the phone. By October 27, 2023, there was a factual basis agreed to between the parties (from the previous plea agreement) for a stipulated bench trial. On November 29, 2023, the waiver of jury trial was circulated and signed by December 1, 2023. On December 12th, the parties were tweaking footnotes. On December 13, 2023, the heavens opened up and the Supreme Court granted certiorari in *Fischer v. United States*. On December 14, 2023, undersigned counsel filed a motion to stay the trial because of the uncertainty of what the Supreme Court would do with *Fischer*. *See* ECF 285. This Court denied that motion. On December 22, 2023, the parties were still trying to iron out *Fischer* language only, and it's clear that in every other respect Harkrider will sign the paperwork for the stipulated trial. *See* Ex. 2. For the government to state that that trial preparation by the government ended on December 29, 2023, is ridiculous and flat out wrong, and the emails prove this to be false. There are no witness lists or exhibit lists being exchanged by the parties which is what happens when one prepares for trial. There are no subpoenas issued. This Court has been notified that a stipulated bench trial is coming.

      On December 26, 2023, undersigned counsel sent AUSA Brasher an email asking what the difference was between a conditional plea and a stipulated trial. *See* Ex. 3. He said there is no difference essentially. Traditionally, when a defendant pleads conditionally, three points are given by the government for

acceptance. On December 29, 2023, at 12:29 pm, AUSA Brasher emailed undersigned counsel and told her that "acceptance is gone. We will oppose a two point reduction and will not move for a third point." *See* Ex. 4. At 12:31 pm, undersigned counsel countered and said "why would I sign if no acceptance? Makes no sense." Id. Undersigned counsel made some edits, sent them back to AUSA Brasher at 2:32 pm, who then said, "This works, with acceptance. Revised final version attached." *See id,* p.2.

This is why it was reasonable for undersigned counsel to believe and believes today that 3 points were promised by the government and that their current stance of only two points for acceptance is done in bad faith. And finally, the government complains about exhibits and argument as a basis for not moving for the 3rd point when it was they who suggested it. *See* Ex. 7.

2. DRAFT PSR IS FILED

When the draft PSR was filed by the probation office, undersigned counsel immediately called AUSA Brasher and said "where's the acceptance?" AUSA Brasher said he didn't remember a discussion about acceptance. Undersigned counsel was incredulous. After searching hundreds of emails, the email outlined in Exhibit 4 was sent to AUSA Brasher which proved definitively, again, that Harkrider was to get acceptance, and in undersigned counsel's mind, the three points previously discussed. *See* Ex. 5. Interestingly, there was no response from

AUSA Brasher such as "you only get 2 points." Had the agreement been for two points, wouldn't AUSA Brasher have emailed undersigned counsel a response that said so? Undersigned counsel then sent the email about acceptance to the Probation Officer, cc'ing all three AUSA's. *See* Ex. 6. Again, no response from any of the AUSA's. Moreover, the government's response & obligation report to the PSR did not mention this acceptance snafu. So, the government is again falsely claiming that they were the ones who brought this issue to the probation officer when clearly it was undersigned counsel who raised the issue first. *See* Ex. 6.

3. THE GOVERNMENT'S REFUSAL TO MOVE FOR A ONE LEVEL REDUCTION PURSUANT TO § 3E1.1 IS REVIEWABLE BY THIS COURT.

As the Court is aware, the guideline governing acceptance of responsibility, § 3E1.1, has been amended recently. Under the new provision, a defendant whose offense level is 16 or greater qualifies for an additional one level reduction for acceptance of responsibility if: upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. U.S.S.G. § 3E1.1(b).2

---

2 The prior version of § 3E1.1(b) provided for an additional one level reduction for a 1 defendant with an offense level greater than 16 where the defendant had: assisted authorities in the

The amendment altered the previous version of the guideline by making the additional level for acceptance of responsibility contingent upon a government motion. In addition, as is set forth in the footnote below, the former version of § 3E1.1(b) contained two criteria for determining acceptance of responsibility. The amendment deleted subsection (b)(1) – involving providing information to the government concerning involvement in the offense, but left the criterion for determining acceptance of responsibility in subsection (b)(2) – involving timely notification of an intent to plead guilty – unchanged. Thus, the amended provision does not require anything more on the part of a defendant in order to be eligible for the additional one level reduction than the previous version of § 3E1.1(b)(2) required. Moreover, while the Government must now move the court for the additional one level reduction, its refusal to do so is not immune from judicial scrutiny. Section 5K1.1 of the Sentencing Guidelines, governing departures for substantial assistance to authorities, also conditions a reduction in offense level upon a Government's motion. However, in such cases, courts may review the Government's refusal to move for a reduction under this section to ensure the

---

investigation or prosecution of his own misconduct by taking one or more of the following steps: (1) timely providing complete information to the government concerning his own involvement in the offense; or (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

refusal: (1) is not based on an unconstitutional ground, such as race, religion, or gender; or (2) is not arbitrary and capricious, but rather is rationally related to a legitimate Government objective. *Wade v. United States*, 504 U.S. 181, 185-87 (1992); *United States v. LeRose,* 219 F.3d 335, 342 (4 Cir. 2000). If the Court determines that the Government's refusal is either based on an unconstitutional ground or is not rationally related to a legitimate Government end, it must grant the defendant relief. *Id.*3

    The defendant's acceptance of responsibility in this case meets the criteria set forth in forth in § 3E1.1 (a) and (b). Notwithstanding the defendant's compliance with the strictures of this guideline, the Government is refusing to move for an additional one point reduction in his offense level. As demonstrated above, this refusal is not rationally related to any legitimate Government objective.

---

3 Of course, the court also has the authority to review the Government's refusal to ensure 2 that it is not in breach of the plea agreement. As the Supreme Court noted in *Santobello v. New York*, 404 U.S. 257, 262 (1971), "when a [guilty] plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Cf. United States v. Beltran-Ortiz*, 91 F.3d 665, 669 (4 Cir. 1996)(holding that Government breached plea agreement, reasoning that "when the Government promises in a plea agreement to debrief a defendant, it may not thereafter simply refuse to do so and then, having deprived the defendant of his best opportunity for attempting to obtain favorable treatment, argue that the defendant is not entitled to sentencing under the safety valve provision); *United States v. Ringling,* 988 F.2d 504, 506 (4 th Cir. 1993)(holding that the Government breached plea agreement by refusing to debrief defendant even though it was under no obligation to move for a departure under § 5K1.1); *United States v. Dixon,* 998 F.2d 228, 231 (4th Cir. 1993)(holding that Government breached plea agreement by withholding substantial assistance departure).

Accordingly, the Court should not countenance the Government's refusal and should grant the defendant's request for a three point reduction in his offense level based on his timely acceptance of responsibility for the conduct underlying the offense of conviction.

                              Respectfully submitted,

                              KIRA ANNE WEST

By:   /s/    *Kira Anne West*
       Kira Anne West
       DC Bar No. 993523
       712 H Street N.E., Unit 509
       Washington, D.C. 20002
       Phone: 202-236-2042
       kiraannewest@gmail.com
       Attorney for Mr. Harkrider

## **CERTIFICATE OF SERVICE**

I hereby certify on the 22nd day of May, 2024, at 8:30 am, a copy of same was delivered to the parties of record, by ECF pursuant to the rules of the Clerk of Court.

                              /S/    *Kira Anne West*
                              Kira Anne West