**From:** Brasher, Douglas (USATXN) ~~[redacted]~~
**Subject:** RE: [EXTERNAL] Are you in the office?
**Date:** December 26, 2023 at 1:56 PM
**To:** Kira West ~~[redacted]~~
**Cc:** Wilson Rocha, Sarah (CRM) ~~[redacted]~~, McCauley, Sean (USADC) ~~[redacted]~~

DB

Obviously there is a difference in the mechanics of how each is done, but in terms of the ultimate outcome at the trial level (conviction) and preserving the right to appeal (preserved), there is no difference. My understanding is that the DC office just doesn't do conditional guilty pleas, which I know you have said is different from your experience, but they are certainly not doing them in Jan6 cases.

---

Douglas B. Brasher
Telephone: ~~[redacted]~~4
~~[redacted]~~

-----Original Message-----
From: Kira West ~~[redacted]~~
Sent: Tuesday, December 26, 2023 12:48 PM
To: Brasher, Douglas (USATXN) ~~[redacted]~~
Cc: Wilson Rocha, Sarah (CRM) ~~[redacted]~~; McCauley, Sean (USADC) ~~[redacted]~~
Subject: Re: [EXTERNAL] Are you in the office?

Doug,
What you said on the phone was that there was no difference between the offered stipulated plea and a conditional plea. Right?

> On Dec 26, 2023, at 1:44 PM, Brasher, Douglas (USATXN) <~~[redacted]~~> wrote:
>
> Kira,
>
> As we discussed, we are not offering conditional guilty pleas on any January 6 case. A stipulated trial is as close as we get to that. I've attached the most recent version of the stipulated facts here.
>
> Doug

---

Douglas B. Brasher
Telephone: ~~[redacted]~~
~~[redacted]~~

-----Original Message-----
From: Kira West ~~[redacted]~~
Sent: Tuesday, December 26, 2023 12:35 PM
To: Brasher, Douglas (USATXN) ~~[redacted]~~
Cc: Wilson Rocha, Sarah (CRM) ~~[redacted]~~; McCauley, Sean (USADC) ~~[redacted]~~
Subject: Re: [EXTERNAL] Are you in the office?

Ok, so what's the difference between this language below and a conditional plea?

> On Dec 26, 2023, at 1:14 PM, Brasher, Douglas (USATXN) <~~[redacted]~~> wrote:
>
> Kira,
>
> Yes, I am in the office and working. I thought our last draft included everything you needed to preserve your right to appeal on the 1512 if the Supreme Court reverses. Is there something more specific you had in mind? Here is the current language:
>
> 29. With respect to Count Two, and without waiving any arguments set forth in Harkrider's Motion to Dismiss Count Two (ECF No. 95), or his objection to the Court's ruling denying his motion, Harkrider knowingly and voluntarily agrees that if the Court finds the existence of the above facts beyond a reasonable doubt, the defendant stipulates that this evidence would establish each and every element of Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2) consistent with United States v. Fischer, 64 F.4th 329 (D.C. Cir. 2023) and United States v. Robertson, No. 22-3062 (D.C. Cir. Oct. 20, 2023). Specifically, Harkrider agrees that if the Court finds the existence of the above facts beyond a reasonable doubt, this evidence would establish that, first, he attempted to or did obstruct or impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18. Second, Harkrider agrees that if the Court finds the existence of the above facts beyond a reasonable doubt, this evidence would establish that he intended to obstruct or impede the official proceeding. Third, Harkrider agrees that if the Court finds the existence of the above facts beyond a reasonable doubt, this evidence would establish that he acted