**From:** Kira West 
**Sent:** Friday, December 29, 2023 12:31 PM
**To:** Brasher, Douglas (USATXN)
**Cc:** Nicole cubbage; McCauley, Sean (USADC); Wilson Rocha, Sarah (CRM)
**Subject:** Re: [EXTERNAL] Last call

Why would I sign if no acceptance? Makes no sense.

*← central time*

On Dec 29, 2023, at 1:29 PM, Brasher, Douglas (USATXN) wrote:

See attached. I've given you everything you've asked for here. I've taken out all of the stuff you didn't like because you argued it was a sentencing argument, a legal argument, or a legal conclusion. That being said, paragraph 29 is nothing but legal conclusions and legal arguments by you. Indeed, nothing that is left in paragraph 29 is a stipulation between the parties about any facts at all. It's a bunch of statements about what you don't stipulate to and a meaningless reservation of rights by you for rights that you already have and would not be giving up in a stipulated trial or in an open plea. There is no appellate waiver and thus nothing you need to reserve.

What we essentially are left with is a stipulated trial on all of the non-1512 counts and a bench trial on 1512. That's fine if that's what you want. But acceptance is gone. We will oppose a two point reduction and will not move for a third point.

Please return a signed version by COB today.

_____
Douglas B. Brasher
Telephone: 

**From:** Kira West
**Sent:** Friday, December 29, 2023 11:34 AM
**To:** Brasher, Douglas (USATXN)



**From:** Brasher, Douglas (USATXN)
**Subject:** RE: [EXTERNAL] Last call
**Date:** December 29, 2023 at 3:48 PM
**To:** Kira West
**Cc:** Nicole cubbage, McCauley, Sean (USADC), Wilson Rocha, Sarah (CRM)

This works, with acceptance. Revised final version attached.

---

Douglas B. Brasher
Telephone: 214-659-8604
douglas.brasher@usdoj.gov

**From:** Kira West
**Sent:** Friday, December 29, 2023 2:32 PM
**To:** Brasher, Douglas (USATXN)
**Cc:** Nicole cubbage; McCauley, Sean (USADC); Wilson Rocha, Sarah (CRM)
**Subject:** Re: [EXTERNAL] Last call

I agree with you. How about this:

> On Dec 29, 2023, at 1:43 PM, Brasher, Douglas (USATXN) wrote:
>
> You can't simultaneously deny committing a crime and claim acceptance of responsibility for committing that crime. That's what makes no sense.
>
> He either:
>
> 1. Admits that his conduct falls within the current interpretation of the statute only. In such a case, he would get acceptance AND the right to appeal if the law changes and his agreed upon conduct does not fit within the new interpretation of the statute.
>
> 2. Deny that his conduct fits within the current interpretation of the statute. In such a case, he would NOT get acceptance. We would have a bench trial. If convicted, he would have the right to appeal his conviction on the basis that his conduct did not fit within the current interpretation of the statute (i.e., the judge just got it wrong) AND have the right to appeal of the law changes and his agreed conduct doesn't fit within the new interpretation of the statute.