**From:** Kira West
**Subject:** Fwd: [EXTERNAL] Last call
**Date:** April 18, 2024 at 3:28 PM
**To:** Brasher, Douglas (USATXN) ███, Sarah (CRM) ███
**Cc:** Nicole Cubbage ███

Doug,
I intend to make this an exhibit to my sentence memo and I also intend to send this to the probation officer now. So you DID agree to acceptance. We went round and round. But here it is in writing. So our discussion this morning was that Kira was right and Doug was not.
Kira

> Begin forwarded message:
>
> **From:** "Brasher, Douglas (USATXN)" <███>
> **Subject: RE: [EXTERNAL] Last call**
> **Date:** December 29, 2023 at 3:48:29 PM EST
> **To:** Kira West <███>
> **Cc:** Nicole cubbage <███>, "McCauley, Sean (USADC)" <███>, "Wilson Rocha, Sarah (CRM)" <███>
>
> This works, with acceptance. Revised final version attached.
>
> ___
>
> Douglas B. Brasher
> Telephone: 2██-███-████
> ███
>
> **From:** Kira West <███>
> **Sent:** Friday, December 29, 2023 2:32 PM
> **To:** Brasher, Douglas (USATXN) <███>
> **Cc:** Nicole cubbage <███>; McCauley, Sean (USADC) <███>; Wilson Rocha, Sarah (CRM) <███>
> **Subject:** Re: [EXTERNAL] Last call
>
> I agree with you. How about this:
>
>
>> On Dec 29, 2023, at 1:43 PM, Brasher, Douglas (USATXN) <███> wrote:
>>
>> You can't simultaneously deny committing a crime and claim acceptance of responsibility for committing that crime. That's what makes no sense.
>>
>> He either:
>>
>> 1. Admits that his conduct falls within the current interpretation of the statute only. In such a case, he would get acceptance AND the right to appeal if the law changes and his agreed upon conduct does not fit within the new interpretation of the statute.